IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JAY M. ALLSMAN,<br><br>     Defendant. | 4:12-CR-3045<br><br>TENTATIVE FINDINGS |

   I have received the presentence investigation report in this case. The defendant has objected to the presentence investigation report, and has filed a motion for departure/variance.

   IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a sentencing statement (filing 16) in which he objects to the presentence investigation report. Specifically, he objects to the two-level enhancement under U.S.S.G. § 2B1.1(9)(D) for an offense involving "a misrepresentation to a consumer in connection with obtaining, providing, or furnishing financial assistance for an institution of higher learning." The Court's tentative finding is that the defendant's objection will be <u>sustained</u>. Congress' concern when directing the United States Sentencing Commission to adopt this provision was that substantial fraud was occurring in offering financial assistance to students. College Scholarship Fraud Prevention Act of 2000, Pub. L. No. 106-420, 114 Stat. 1867 (2000). In other words, the "consumer" for these purposes is the student, meaning that the "consumer" in these transactions was the defendant, to whom no misrepresentation was made. The Court's tentative finding is that the defendant's objection has merit and that this enhancement should not be applied.

3. The defendant's "Motion for Downward Departure/Variance" (filing 15) will be resolved at sentencing. The defendant argues that the Court should consider the defendant's rehabilitation and efforts at restitution as a basis for varying downward from the advisory Guidelines range. Consequently, although the defendant's motion is captioned as a motion for variance or departure, the Court understands his argument to be for a variance, not a departure, from the advisory Guidelines range. The Court will consider and dispose of the defendant's motion based on that understanding.[1]

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a

4.  Except to the extent, if any, that I have sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding two paragraphs, the parties are notified that my tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 13th day of August, 2012.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
United States District Judge

---

"departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).